# SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

SHOWAYNE SIDNEY MODESTE,

PLAINTIFF,

v.

VIRGIN ISLANDS POLICE
DEPARTMENT,

DEFENDANT.

Civil No. SX-15-CV-021

CITE AS: 2023 VI SUPER 2|

**Appearances:**
**Showayne Sidney Modeste**
New York, New York
*For Plaintiff, Pro Se*

**Venetia H. Velazquez, Esq.**
V.I. Department of Justice
St. Croix, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION

**WILLOCKS, Senior Sitting Judge**

¶ 1    **THIS MATTER** is before the Court for review *sua sponte*.

## BACKGROUND

¶ 2    On January 26, 2015, Plaintiff Showayne Sidney Modeste (hereinafter "Plaintiff") commenced this lawsuit pro se against Defendant Virgin Islands Police Department (hereinafter "Defendant") by filing a handwritten, single-page complaint:

> On or about November 20, 2013, SUPERIOR COURT OF THE VIRGIN ISLANDS subpoened STX V.I. POLICE DEPARTMENT Rainbow building F'sted (custodian of Records) for Maximum Information concerning "Simple Assault and Battery offense reported by civilian I, SHOWAYWNE SIDNEY MODESTE [sic] 02/23/2013 but not delivered 1. Their recorded witness statements; recorded by V.I. POLICE DEPARTMENT officers that arrived on scene A. Officer I. Navarro 3222, Officer C. Jhero.
> On or about July 7, 2010 V.I. POLICE DEPARTMENT United States Virgin Islands Police Officer Casanova wrote an report of I injury one year Five Months later I, went

F'sted Police Station requesting Police Report with the fee and none was prepared or delivered.

Wherefore the said Plaintiff claims this Honorable Court To A. Award I, damages In the amount of $ Ten Thousand Dollars. B. To award I, Attorney fees and costs. C. And any further relief that this Court deems necessary.[1]

(Compl.)

¶ 3    Initially, Plaintiff only served Defendant with a summons and a copy of the complaint. However, pursuant to Rule 4(i)(1) of the Virgin Islands Rules of Civil Procedure,[2] Plaintiff was also required to serve the Attorney General of the Virgin Islands and the Governor of the Virgin Islands in this matter but failed to do so. Thus, the Court entered multiple orders[3] whereby the Court denied Plaintiff's motions for entry of default and motions for judgment by default, both filed in 2015 and again in 2019, and ordered Plaintiff to serve the Attorney General of the Virgin Islands and the Governor of the Virgin Islands.[4]

---

[1] The complaint is reproduced here with capitalization, punctuations, etc. as written by Plaintiff.

[2] Rule 4 of the Virgin Islands Rules of Civil Procedure provides:

> (i) Serving the Government of the United States Virgin Islands and Its Agencies, Public Corporations, Officers, or Employees.
>
> (1) *Government of the Virgin Islands.* In all cases in which the Government of the Virgin Islands is a named defendant, service shall be made by serving a summons and a copy of the complaint on the Governor and upon the Attorney General of the Virgin Islands.

[3] On November 6, 2019, the Court entered an order whereby the Court noted that "it appears that the Plaintiff has failed to serve the Attorney General of the Virgin Islands in compliance with [Rule 4(i)(1) of the Virgin Islands Rules of Civil Procedure]" and ordered that: (i) Plaintiff's motion for entry of default is denied, (ii) Plaintiff's motion for judgment by default is denied, and (iii) Plaintiff to serve the Attorney General of the Virgin Islands with a summons and a copy of the complaint within thirty days from the entry of said order. (Nov. 6, 2019 Order.)

On September 1, 2021, Court entered an order whereby the Court noted that "Plaintiff has failed to serve the Governor of the Virgin Islands as required under Rule 4(i)(1) of the Virgin Islands Rules of Civil Procedure" and ordered that: (i) Plaintiff's motion for entry of default is denied, (ii) Plaintiff's motion for judgment by default is denied, (iii) Plaintiff shall serve the Governor of the Virgin Islands with a summons and a copy of the complaint within thirty days from the entry of said order, and (iv) Plaintiff is notified that failure to comply with this order may result in the dismissal of this case. (Sept. 1, 2021 Order.)

On October 20, 2021, after the 30-day period passed and Plaintiff has not filed proof of service for the Governor of the Virgin Islands as ordered, the Court entered an order whereby the Court ordered that: (i) within fifteen (15) days from the date Plaintiff is served with the order, Plaintiff shall file proof of service for the Governor of the Virgin Islands, or show good cause as to why the Court should extend the time for service for Governor of the Virgin Islands, and (ii) Plaintiff is notified that failure to comply with this order will result in the dismissal of this case without prejudice. (Oct. 20, 2021 Order.)

[4] Upon review of the docket, it appears that the Attorney General of the Virgin Islands and the Governor of the Virgin Islands were served with some of the orders entered in this matter by the Superior Court Marshal. However,

¶ 4     On November 30, 2021, after 15-day period passed and Plaintiff has not complied with the October 20, 2021 order, the Court entered an order whereby the Court ordered, inter alia, that: (i) on January 27, 2022, Plaintiff shall appear for a show cause hearing to show cause why she should not be held in contempt and sanctioned for failing to comply with the Court's September 1, 2021 order and October 20, 2021 order, and (ii) Attorney General Denise N. George, Esq. of the Virgin Islands Department of Justice shall make a limited appearance at the aforementioned show cause hearing to advise the Court why no appearances have been made on behalf of Defendant VIPD in this matter. (Nov. 30, 2021 Order.)

¶ 5     At the January 27, 2022 show cause hearing, Venetia H. Velazquez, Esq. of the V.I. Department of Justice appeared on behalf of Defendant and Plaintiff did not appear. The Court continued the status conference to March 10, 2022.

¶ 6     On February 3, 2022, Defendant filed a motion for more definite statement pursuant to Rule 12(e) of the Virgin Islands Rules of Civil Procedure. Plaintiff did not file an opposition in response.

¶ 7     On March 15, 2022, the Court entered an order whereby the Court found that the complaint failed to sufficiently put Defendant on notice of the claim that is brought against it to defend and ordered, inter alia, that: (i) the March 10, 2022 status conference is vacated, (ii) Defendant's February 3, 2022 motion for more definite statement is granted, (iii) within fifteen (15) days from the date of entry of the order, Plaintiff shall serve and file a more definite statement that provides factual allegations of the transaction or occurrence on which Plaintiff's

---

"[i]n general, actual notice of a law suit is not a substitute for proper service and absent proper service, a case must be dismissed for lack of personal jurisdiction over the defendant." *Ross v. Hodge*, 58 V.I. 310 (V.I. 2013) (citation omitted). Nevertheless, the issue of service and personal jurisdiction over Defendant was mooted by Defendant's subsequent voluntary appearance in this matter—to wit, Defendant filed a motion for more definite statement on February 3, 2022, the Court has personal jurisdiction over Defendant. *See* Title 5 V.I.C. § 115 ("A voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him.").

claim is based upon—including but not limited to (1) Defendant's conduct that allegedly caused Plaintiff harm, (2) the harm Plaintiff allegedly sustained, and (3) the timeframe thereof—and identify Plaintiff's claim, and (iv) Plaintiff is notified that failure to comply with this Order may result in the dismissal of this matter for failure to prosecute.[5] (March 15, 2022 Order.)

---

[5] In the March 15, 2022 order, the Court explained:

> In its motion, Defendant moved the Court to order Plaintiff to file a more definite statement of her complaint. Defendant made the following assertions in support of its motion: (i) " It is difficult to discern when Plaintiff is claiming the incident/event that forms the basis of his Complaint occurred"—to wit, The complaint references three periods: July 7, 2010 (date a report was allegedly written); one year five months later (presumably late 2011), when Plaintiff was not provided a report when requested; and February 23, 2013 (date a report was allegedly subpoenaed but not delivered)." (Motion, p.2, n.1); and (ii) "Plaintiff's bare bones complaint fails to put the defendant on notice of the conduct of the Defendant that is being challenged, the alleged harm that was purportedly proximately caused by that conduct, and the alleged legal claim(s) that may subject it to liability." (Id., at p. 3); (iii) "From the facts pled, it is difficult to decipher what conduct or harm is even being alleged, what, if any, violation of right(s) is claimed and the causes of action asserted."[3] (Id.); (iv) "These failures deprive the Defendant of the opportunity to mount appropriate defenses, pursuant to rule 12, and to file a responsive pleading." (Id.)
>
> The Court notes at the outset that Defendant filed its motion prior to filing any responsive pleading and pointed out the defects complained of and the details desired in compliance with Rule 12(e) of the Virgin Islands Rules of Civil Procedure.
>
> Plaintiff's complaint did not set forth counts with separate designation of the specific names of each count in the pleadings. Nevertheless, this error is not fatal if Plaintiff's complaint sufficiently put Defendant on notice of the claims brought against them. *See* V.I. R. Civ. P. 8(a)(2) ("[The Virgin Islands] is a notice pleading jurisdiction");[4] *Mills-Williams v. Mapp,* 67 V.I. 574, 585 (2017) ("Virgin Islands Rule of Civil Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. CIV. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[] an approach that *declines* to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." (citing V.I. R. CIV. P. 8 Reporter's Note (emphasis added)); *see Williams v. Galiber,* 70 V.I. 226, 230 (V.I. Super. Ct. March 8, 2019) ("Notice pleading means that a Complaint is sufficient when it 'adequately alleges facts that put an accused on notice of claims brought against it.'"). Upon review of the complaint, given the lack of clarity regarding Defendant's conduct that allegedly caused Plaintiff harm, the harm Plaintiff allegedly sustained, and the timeframe thereof, the Court finds the complaint has failed to sufficiently put Defendant on notice of the claim that is brought against it to defend. *See Oxley v. Sugar Bay Club & Resort Corp.,* 2018 V.I. LEXIS 81, at *10 (V.I. Super. Ct. May 14, 2018) ("Based upon the differences among notice pleading, fact pleading, and the plausibility standard, this Court determines that a complaint need not plead facts to support each element of a claim in order to adequately allege facts that put an accused party on notice or to "show[] the pleader is entitled to relief under V.I. R. CIV. P. 8(a)(2). But, a complaint should provide factual allegations sufficient to advise the responding party of the transaction or occurrence on which the claim is based and identify the claim, reciting its elements, so as to enable the defendant to respond intelligently and to enable the Court to determine on a motion to dismiss under V.I. R. Civ. P. 12(b)(6) whether the claim is adequately pled."). While Plaintiff, as a prose litigant, is "entitled to additional leniency, that leniency is not a license [excusing non-compliance] with relevant rules of procedural and substantive law." *Montgomery v. Virgin Grand Villas St. John Owners' Association,* 71 V.I. 1119, 1127-28 (V.I. 2019) (internal quotation omitted); *see also, Phillip v. Marsh-Monsanto,* 66 V.I. 612, 622 (V.I. 2017) (noting that the leniency toward prose litigants has limits). As such, the Court will grant Defendant's motion for more definite statement and order

¶ 8    As of the date of this order, Plaintiff has not filed anything in response to the March 15,

2022 order.

## STANDARD OF REVIEW

¶ 9    Rule 41(b) of the Virgin Islands Rules of Civil Procedure provides that "[i]f the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it" and that "[u]nless the dismissal order states otherwise,

a dismissal under this subpart (b) and any dismissal not under this rule -- except one for lack of

jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an

adjudication on the merits." V.I. R. CIV. P. 41(b). In *Halliday v. Footlocker Specialty, Inc.*, the

Virgin Islands Supreme Court adopted the six *Poulis* factors and held that "the Superior Court

may not dismiss an action for failure to prosecute unless these six [*Poulis*] factors strongly weigh

in favor of dismissal as a sanction." 53 V.I. 505, 511 (V.I. 2010). *See V.I. Taxi Ass'n v. V.I. Port*

*Auth.*, 67 V.I. 643, 693 n.30 (2017) ("This itself constitutes error, as the Superior Court must

conclude that, when weighed against one another, the six *Halliday* factors "strongly weigh in

---

Plaintiff to file a more definite statement.[5] In light of the Court's ruling, the Court will also vacate the March 10, 2022 status conference.

[3] Defendant referenced: V.I.R. CIV. P. 8(a)(2).

[4] As noted above, where an action was pending on the effective date of the effective date of the Virgin Islands Rules of Civil Procedure, Rule 1-1 of the Virgin Islands Rules of Civil Procedure requires that the Court make "an express finding that applying them in a particular previously-pending action would be infeasible or would work an injustice." V.I. R. CIV. P. 1-1(c)(2). Here, the Virgin Islands Supreme Court has not directed that prior rules or practices to be applicable. Furthermore, given that Rule 8(a)(2) of the Virgin Islands Rules of Civil Procedure and Rule 8(a)(2) of the Federal Rules of Civil Procedure both require "a short and plain statement of the claim showing that the pleader is entitled to relief" and that the local rule "eliminates the plausibility standard and instead will permit a complaint so long as it "adequately alleges facts that put an accused party on notice of claims brought against it," the Court does not find that applying the new rules to be infeasible or work an injustice. *Brathwaite v. H.D.V.I. Holding Co.*, 2017 V.I. LEXIS 76, *3,(V.I. Super. Ct. May 24, 2017). Thus, the Court finds that Rule 8(a)(2) of the Virgin Islands Rules of Civil Procedure applies here.

[5] Rule 6-1 provides that "[n]othing herein shall prohibit the court from ruling without a response or reply when deemed appropriate." V.I. R. CIV. P. 6(f)(6).

(March 15, 2022 Order 2-4.)

favor of dismissal as a sanction" for failure to prosecute.") (citing *Halliday*, 53 V.I. at 511). The

six *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

> *Molloy v. Independent Blue Cross*, 56 V.I. 155, 185-86 (V.I. 2012) (quoting *Poulis*, 747 F.2d at 868).

In *Molloy*, the Virgin Islands Supreme Court instructed that "[a]lthough a trial court is not

required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim,

the court must explicitly consider all six factors, balance them, and make express findings." 56

V.I. 155, 186 (V.I. 2012) (citations omitted). In other words, "the 'extreme' sanction of dismissal

is reserved for instances in which 'a trial court makes appropriate findings to all six factors'" and

"[w]ithout them, the drastic sanction of dismissal 'cannot be warranted.'" *Id.* (citations omitted).

## DISCUSSION

¶ 10    As noted above, Plaintiff failed to comply with the March 15, 2022 Order, which advised

Plaintiff that failure to comply may result in the dismissal of this matter for failure to prosecute.

(March 15, 2022 Order.) This matter has been pending since 2015 and still remains in the initial

pleading stage of the litigation. At this juncture, the Court will consider the six *Poulis* factors and

determine whether dismissal for failure to prosecute is warranted in this instance.

### 1. Plaintiff's Personal Responsibility

¶ 11    Here, Plaintiff commenced and proceeded in this matter as a pro se litigant. Initially,

Plaintiff prosecuted this matter with gusto. However, since November 2019, Plaintiff has not

done anything in response to the Court's orders or moved this matter along. While Plaintiff, as a

pro se litigant, is "entitled to additional leniency, that leniency is not a license [excusing non-compliance] with relevant rules of procedural and substantive law." *Montgomery v. Virgin Grand Villas St. John Owners' Association,* 71 V.I. 1119, 1127-28 (V.I. 2019) (internal quotation omitted); *see also, Phillip v. Marsh-Monsanto,* 66 V.I. 612,622 (V.I. 2017) (noting that the leniency toward pro se litigants has limits). The leniency is also not a license excusing non-compliance with the Court's orders. Thus, the Court finds Plaintiff personally responsible for the delay in the prosecution of this matter. As such, this factor weighs strongly in favor of dismissal.

## 2. Prejudice to the Adversary

¶ 12    In *Molloy,* the Virgin Islands Supreme Court stated that "[p]rejudice to the opposing party is generally demonstrated by either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior or increased difficulty in the opposing parties' ability to present or defend their claim(s) due to the improper behavior." 56 V.I. at 189 (*citing Poulis,* 747 F.2d at 868). As mentioned above, since November 2019, Plaintiff has not done anything in response to the Court's orders or moved this matter along. Notably, Plaintiff failed to file a more definite statement as ordered, and thus, to date, Plaintiff has failed to put Defendant on notice of the claim that is brought against it to defend. With the passage of time, evidence could be lost, memories could fade, and witnesses could disappear or become unavailable. As with any case, a lengthy delay will certainly make it more difficult for Defendants to defend against Plaintiff's claims. As such, this factor weighs strongly in favor of dismissal.

### 3. A History of Dilatoriness

¶ 13    A history of dilatoriness is characterized by a consistent delay in the prosecution of this matter. *See Gilbert v. Gilbert*, 2017 V.I. LEXIS 143, *8 (Super. Ct. Sep. 11, 2017) (citing *Poulis*, 747 F.2d at 868); *see also, Encarnacion v. Gov't of the V.I.*, 2018 V.I. LEXIS 73, *6-7 (V.I. Super. Ct. July 31, 2018) ("Plaintiff has engaged in a history of dilatoriness such that "litigation has been characterized by a consistent delay.") (quoting *Poulis*, 747 F.2d at 868). As mentioned above, this 2015 matter remains in the initial pleading stage of the litigation—to wit, Plaintiff has not done anything in response to the Court's orders or moved this matter along since November 2019. As such, the Court finds a history of dilatoriness in the prosecution of this matter, and this factor weighs strongly in favor of dismissal.

### 4. Offending Party/Attorney's Conduct Willful or in Bad Faith

¶ 14    In *Molloy*, the Virgin Islands Supreme Court stated that "the trial court must point to specific evidence to justify its determination of willfulness or bad faith." 56 V.I. at 192. Thus, if there is no evidence of willfulness or bad faith on the record, the Court must presume the party/attorney's conduct was not willful or in bad faith. *Id.* In *Virgin Islands Taxi Association*, the Virgin Islands Supreme Court clarified that "'[w]illful' conduct that justifies dismissal is conduct 'that is deliberate and contumacious,'and that 'involves intentional or self-serving behavior.'" 67 V.I. 643, 698 (V.I. 2017) (quoting *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 308 (V.I. 2010) (citations omitted). "Willful conduct, without a finding of bad faith, may still support a conclusion that dismissal for failure to prosecute is warranted, but the absence of a good-faith effort to prosecute a case does not." *V.I. Taxi Ass'n*, 67 V.I. at 699 (citations omitted). Here, although there is no specific evidence to justify a determination that Plaintiff's conduct was in bad faith, there is specific evidence to justify a determination that Plaintiff's conduct was

willful—to wit, Plaintiff's failure to attend status conference(s), Plaintiff's failure to comply with the Court's orders, and Plaintiff's failure to take any initiative to move this matter forward. As such, this factor weighs in favor of dismissal.

### 5. Effectiveness of Alternate Sanctions

¶ 15    Courts must look to other appropriate methods of sanctioning before dismissal for failure to prosecute because "[d]ismissal must be a sanction of last, not first, resort." *Gilbert*, 2017 V.I. LEXIS 143 at *10 (citing *Poulis*, 747 F.2d at 869). Here, some alternate sanctions include excluding evidence, precluding witnesses, striking portions of the pleadings, or imposing monetary sanctions. *See Gilbert*, 2017 V.I. LEXIS 143 at *10. However, none of these alternatives are appropriate here because in taking everything into consideration—such as the fact that this case has been pending since 2015 and still remains in the initial pleading stage of the litigation and Plaintiff's dilatory and lackadaisical approach to this matter since November 2019—the Court finds that there lacks a clear interest on Plaintiff's part to pursue her case against Defendant. As such, this factor weighs strongly in favor of dismissal.

### 6. Meritoriousness of the Claim

¶ 16    "In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *See Gilbert*, 2017 V.I. LEXIS 143 at *10 (quoting *Poulis*, 747 F.2d at 869-70). In her complaint, Plaintiff did not set forth any counts designating specific causes of action. As noted above, the Court found that the complaint has failed to sufficiently put Defendant on notice of the claim that is brought against it to defend and

Plaintiff failed to file a more definite statement as ordered. As such, the Court does not find Plaintiff's claim meritorious, and this factor weighs strongly in favor of dismissal.

¶ 17    Having examined the six *Poulis* factors regarding the dismissal of this matter for failure to prosecute, the Court finds that all six factors weigh in favor of dismissal (with five factors weighing strongly in favor). Accordingly, the Court finds the extreme sanction of dismissal is warranted in this instance. *See Molloy*, 56 V.I. at 186 ("Although a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings."); *see also, Halliday*, 53 V.I. at 511 ("[T]he Superior Court may not dismiss an action for failure to prosecute unless these six [*Poulis*] factors strongly weigh in favor of dismissal as a sanction."); *V.I. Taxi Ass'n*, 67 V.I. at 693 n.30 (quoting *Halliday*, 53 V.I. at 511.).

## CONCLUSION

¶ 18    Based on the foregoing, the Court will dismiss this matter for failure to prosecute and close this matter. An order and judgment consistent with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this ____5th____ day of May 2023.

ATTEST:
Tamara Charles
Clerk of the Court

HAROLD W.L. WILLOCKS
**Senior Sitting Judge Of the Superior Court**

By: *Sharisse A. Bascombe*
Court Clerk Supervisor
Dated: MAY 16, 2023

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| SHOWAYNE SIDNEY MODESTE, | Civil No. SX-2015-CV-021 |
| PLAINTIFF, | |
| v. | CITE AS: 2023 VI SUPER 21 |
| VIRGIN ISLANDS POLICE DEPARTMENT, | |
| DEFENDANT. | |

**Appearances:**
**Showayne Sidney Modeste**
New York, New York
*For Plaintiff, Pro Se*

**Venetia H. Velazquez, Esq.**
V.I. Department of Justice
St. Croix, U.S. Virgin Islands
*For Defendant*

## ORDER AND JUDGMENT

**WILLOCKS, Senior Sitting Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff Showayne Sidney Modeste's (hereinafter "Plaintiff") complaint against Defendant Virgin Islands Police Department is **DISMISSED WITH PREJUDICE** for failure to prosecute. It is further:

**ORDERED** that this matter is **CLOSED. And** t is further:

**ORDERED** that a copy of this Order and Judgment and the Memorandum Opinion entered contemporaneously herewith shall be served upon:

1. Venetia H. Velazquez, Esq. **electronically**.
2. Plaintiff via: (i) certified mail and regular First-Class mail to **14 Thayer Street, Apt. 2G, New York, NY 10040**; (ii) email to **showayne.modeste@yahoo.com**; (iii) personally to Plaintiff's grandmother Agatha Medeste at 192 Estate St. Georges, Frederiksted, VI 00840.

**DONE and so ORDERED this** 5th **day of May 2023.**

HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: *Sharisse A. Bascombe*
Court Clerk Supervisor
Dated: MAY 16, 2023